## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**United States of America,**

      **Plaintiff,**

  -v-

**Joseph D. Green,**

      **Defendant.**

Case No. CR-2-95-066 (6)

**Judge Smith**

## **ORDER**

This matter is before the Court on Defendant Joseph D. Green's *pro se* Motion for an amended sentencing judgment order, and request for reconsideration of sentence, pursuant to Title 18 U.S.C. §3582(a) and (c)(2) (Doc. 290).  The Government has not filed a response to Defendant's Motion.  The Court has consulted with the United States Probation Office in detail regarding Defendant's claims in his motion.

Defendant Green requests the Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) for three reasons:  (1) §4A1.2(c) of the United States Sentencing Guidelines have been amended in Amendment 12, changing what offenses could be used for criminal history points; (2) Defendant's criminal history in the Presentence Report is incorrectly calculated because two juvenile offenses were counted as prior convictions; and (3) further, the juvenile offenses should not have been included as prior convictions because Defendant was not given counsel in those cases.  For the reasons that follow, the Court denies Defendant's Motion for an Amended Sentence.

On June 22, 1995, Defendant Green entered guilty pleas to Counts 4, 6, and 7 of the Indictment for extortion, racketeering, threats, and firearms.  On September 19, 1995, Defendant was sentenced to 115 months imprisonment on Counts 4 and 6 to run concurrently with each other and 60 months imprisonment on Count 7 to run consecutive to Counts 4 and 6 for a total of 175 months imprisonment.  Defendant was also sentenced to 3 years supervised release and a $150.00 special assessment.

When a retroactive amendment to the Sentencing Guidelines reduces the applicable sentencing range, 18 U.S.C. § 3582(c)(2) allows a district court to modify the prisoner's sentence.  A district court, however, has the discretion to deny a § 3582(c)(2) motion even if the amendment has lowered the guidelines range.  *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Relevant factors discussed in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law; (4) whether the sentence provides just punishment for the offense; (5) whether the sentence is an adequate deterrence to criminal conduct; (6) whether the sentence will protect the public from further crimes of defendant; and, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

conduct.  18 U.S.C. § 3553(a).

The Sentencing Commission has issued a policy statement explaining how a district court should exercise its discretion when considering a § 3582(c)(2) motion.  It states:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced ....

U.S.S.G. § 1B1.10(b).  The Sentencing Commission lists the amendments in subsection (c) from which a § 3582 motion may arise.

In this case, Defendant argues that Amendment 12 to §4A1.2(c) of the United States Sentencing Guidelines changes what offenses can be used for criminal history points.  However, Defendant fails to reference any of the language from Amendment 12.  Nor does Defendant cite how the Amendment applies in his case.  Defendant has cited to two cases from the 10th Circuit Court of Appeals, which is not controlling of this Court.  Further, the cases are not relevant to Defendant's arguments, other than merely referencing that the Court has the authority to alter a sentence under certain circumstances.

After careful review, there have not been any significant changes to §4A1.2(c) of the United States Sentencing Guidelines.  Effective November 1, 2007, there were some small language changes as referenced in Amendment 709.  However, there were not any significant changes to justify a change in Defendant's criminal history points.  Even if there were significant changes to the aforementioned section, there is nothing in Amendment 709 to suggest that such changes are retroactive.

Defendant also objects that he was attributed with 8 criminal history points in the

-3-

Presentence Report. He asserts that he should not have received one point for a 1992 drug abuse charge (Case No. 92-249-36), nor two points for a 1992 aggravated assault charge (Case No. 92-251-54). Defendant incorrectly references the guideline section under which these points were added. The applicable United States Sentencing Guideline is §4A1.2(d), titled Offenses Committed Prior to Age Eighteen. The Court concludes that Defendant's criminal history points were calculated correctly in the Presentence Report and there have been no changes in the aforementioned guideline section to justify any change in Defendant's criminal history or his sentence.

Finally, Defendant argues, similar to the previous argument, that his criminal history points were calculated incorrectly because in the two cases referenced above, he was a juvenile and the cases were adjudicated without counsel. The Court again finds that Defendant's criminal history points were calculated correctly in accordance with §4A1.2(d). Further, Defendant's argument that he was not represented by counsel is incorrect. The Presentence Report conducted closer in time to the offenses in question, states that Defendant was represented by counsel in both of those cases. Therefore, none of Defendant's arguments justifies a reduction in his total criminal history points, nor a reduction in his sentence.

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reduction of

Sentence pursuant to 18 U.S.C. § 3582.

    The Clerk shall remove Document 290 from the Court's pending motions list.

    **IT IS SO ORDERED.**

       */s/ George C. Smith*
       **GEORGE C. SMITH, JUDGE**
       **UNITED STATES DISTRICT COURT**